**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mandy R Pleis,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-22-01862-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Mandy R. Pleis' Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 13), seeking judicial review of that denial. Defendant SSA filed an Answering Brief, (Doc. 15), to which Plaintiff replied, (Doc. 16). After reviewing the parties' briefs, the Administrative Record, (Doc. 10; 12), and the Administrative Law Judge's ("ALJ") decision, (Doc. 10 at 16–30), the Court will affirm the ALJ's decision for the reasons addressed herein.

**I.        BACKGROUND**

Plaintiff filed an Application for SSDI benefits in December 2018, alleging disability beginning in June 2016. (Doc. 10-3 at 16.) Plaintiff's claim was initially denied in April 2019. (*Id.*) After reconsideration, Plaintiff's claim was again denied on September 6, 2019. (*Id.*) A hearing was held before ALJ Kelly Walls on June 2, 2021. (*Id.*) After considering the medical evidence and opinions, the ALJ determined that Plaintiff suffered

from severe impairments including right ankle impingement syndrome with synovitis, status post arthroscopic repair, plantar fasciitis, equinus deformity, right foot drop, asthma, chronic rhinitis, obesity, major depressive disorder, generalized anxiety disorder, and unspecified anxiety disorder. (*Id.* at 19.) However, the ALJ concluded that despite these impairments Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b). (*Id.* at 22.) In light of this, the ALJ concluded that Plaintiff is not disabled. (*Id.* at 30.) Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the SSA Commissioner's (the "Commissioner") final decision—and this appeal followed. (*Id.* at 2–5.)

## II.   LEGAL STANDARD

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019).  The Court may set aside the Commissioner's disability determination only where it is not supported by substantial evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion when considering the record as a whole.  *Id.*  Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  *Thomas v. Barnhart*, 278 F.3d 47, 954 (9th Cir. 2002).  In determining whether to reverse an ALJ's decision, district courts review only those issues raised by the party challenging the decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III.  DISCUSSION

Plaintiff argues that the ALJ committed harmful error in evaluating an unresolved conflict between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT") and by not considering post-hearing objections to the vocational expert testimony. (Doc. 13.) The Commissioner counters that Plaintiff's assertions overlook relevant case law and guidance and therefore the Court should uphold the ALJ's decision. (Doc. 15.) After reviewing the administrative record, the Court agrees with the

1  Commissioner for the following reasons.

2      **A. Vocational Conflict**

3      Plaintiff first argues that the ALJ's finding is based upon an unresolved vocational conflict. (Doc. 13 at 4.) Plaintiff contends that the occupations identified by the vocational expert and cited by the ALJ are precluded by the restrictions identified by the ALJ. (*Id.* at 5.) Specifically, Plaintiff argues that her limitations precluded "the ability to carry out detailed written and oral instructions" per the DOT language, which created a conflict between the DOT and the ALJ's RFC determination. (*Id.* at 7.) The Commissioner counters that there is no conflict and that Plaintiff's argument ignores relevant case law. (Doc. 15 at 6–9.)

    Here, the ALJ restricted Plaintiff to "simple, routine tasks," stating that she can make "simple work-related decisions in a routine work setting where change is infrequent and introduced gradually." (Doc. 10-3 at 22.) In turn, the ALJ found, in part based on the vocational expert's testimony, that Plaintiff could perform a significant number of unskilled jobs including routing clerk, marker, and mail clerk. (*Id.* at 29–30.) Two of these jobs, routing clerk and marker, are considered "level two" occupations under the general educational development reasoning framework. The mail clerk job is considered a "level three" occupation.

    Plaintiff contends that the ALJ's restriction would mean that Plaintiff is unable to complete any level two or three occupations because they require the ability to carry out detailed instructions. (Doc. 13 at 7.) That is not the case. Rather, the listed limitations comport with level two occupations, which require the ability to "apply commonsense understanding to carry out detailed but uninvolved written or oral instruction." DOT, App. C., 1991 WL 688702. The Ninth Circuit has repeatedly held that level two occupations are compatible with RFC's that include simple and routine tasks. *See Hernandez v. Berryhill*, 707 F. App'x 456, 458–59 (9th Cir. 2017); *Miller v. Kijakazi*, No. CV-20-1725-PHX-MTL, 2021 WL 5768811, at \*8–9 (D. Ariz. Dec. 6, 2021) (collecting cases). Plaintiff's citations to out-of-circuit authority are unpersuasive. In short, there is no conflict between the ability

to perform "simple, routine tasks" and the ability to perform level two jobs.

The Commissioner concedes that Plaintiff is unable to perform the mail clerk job because it has a reasoning level of three. (Doc. 15 at 6.) Ninth Circuit case law also supports this position. *See Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015). However, the Commissioner argues that Plaintiff remains able to perform a significant number of jobs in the national economy—including routing clerk and marker. (*Id.*) The Court agrees. Considering Plaintiff's ability to work in level two occupations, Plaintiff remains able to perform a significant number of jobs in the national economy. *See Gutierrez v. Colvin*, 740 F.3d 519, 527–29 (9th Cir. 2014). Accordingly, substantial evidence supported the ALJ's finding on this issue.

### B. Objections to the Vocational Expert's Testimony

Plaintiff next contends that remand is required because the ALJ did not address her post-hearing objection to the vocational expert's testimony. (Doc. 13 at 14–15.) After the close of the hearing, but on the same day, Plaintiff sent a letter to the ALJ objecting to the vocational expert's testimony on the grounds discussed in the previous section. (Doc. 10-7 at 172.) The ALJ did not rule on this objection. Plaintiff contends that the ALJ's failure to do so violates the SSA's Hearing, Appeals and Litigation Law Manual ("HALLEX").

This argument fails for two reasons. First, the HALLEX is the SSA's internal guidelines for processing and adjudicating claims. It is "strictly an internal guidance tool" that does not outline substantive rules or carry the force of law. *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000). A reviewing court "will not review allegations of noncompliance with the manual." *Id.* at 869; *see also W. Radio Servs. Co. v. Espy*, 79 F.3d 896, 900 (9th Cir. 1996). Therefore, the Court need not even consider this argument.

Second, even considering the merits, Plaintiff's argument fails. The relevant HALLEX provision requires the ALJ to rule on objections made at the hearing, not post-hearing objections. HALLEX I-2-6-74(B), 1993 WL 751902. Plaintiff did not object to the vocational expert's testimony at the hearing. (Doc. 10-13 at 79, 85.) Additionally, Plaintiff cites to an outdated provision of the HALLEX, which was replaced by the current

- 4 -

provision that clearly pertains to objections made at the hearing.  HALLEX I-2-6-74(B), 1993 WL 751902.  In short, the ALJ also did not err on this issue.

## IV.    CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** affirming the August 30, 2021 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgement consistent with this Order and close this case.

Dated this 29th day of February, 2024.

_____
Honorable Susan M. Brnovich
United States District Judge